UNITED STATES DISTRICT COURT　　　　SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**
September 30, 2019
David J. Bradley, Clerk

Audrey Miller, §
　　Plaintiff, §
　　　　　　 §
v. § Civil Action H-15-2927
　　　　　　 §
University of Houston System and §
University of Houston – Downtown, §
　　Defendants. §

## Opinion on Summary Judgment

### 1. Introduction

A female professor sought employment with a university after being denied tenure at another institution. The university denied her employment. The professor sued the university, claiming that the university engaged in retaliation prohibited by Title VII. The university moved for summary judgment. It will be granted.

### 2. Facts

Plaintiff Audrey Miller (Miller) was a tenure-track professor at Sam Houston State University (SHSU). SHSU denied her tenure. Miller filed a complaint against the school with the United States Equal Employment Opportunity Commission and the Texas Workforce Commission on May 20, 2013. Miller's employment with SHSU expired in May 2014.

The parties stipulate to these facts about Miller's interactions with Defendant University of Houston – Downtown (UH). (22, 27) On December 8, 2013, Miller applied for employment with UH as a tenure-track Assistant Professor of Psychology. Around January or February 2014, UH's Psychology Department Chair Jeffrey Jackson (Chair Jackson)

1

and College of Humanities & Social Sciences Dean DoVeanna Fulton (Dean Fulton) approved twenty candidates for telephone interviews, including Miller. On March 17, 2014, members of the faculty search committee interviewed Miller on campus. During the interview, Miller told the chair of the committee, Ruth Johnson (Committee Chair Johnson) that she was denied tenure at SHSU because "[she] was a woman and because [she] had raised concerns about the mistreatment of women in the department at SHSU before applying for tenure." (59-1 at 8)

In internal emails dated April 4, 2014, Committee Chair Johnson notified Chair Jackson that Miller was a finalist. (27 at 2) In a separate email to Chair Jackson, Committee Chair Johnson noted that Miller was a "#2 candidate." (*Id.*)

Around April 4, 2014, Committee Chair Johnson emailed Miller about UH's request to contact SHSU's department chair, Chris Wilson ("Wilson"). On April 7, 2014, Chair Jackson had a phone call with Wilson. Chair Jackson did not contact other candidates' former employers. On April 8, 2014, Wilson sent an email to Chair Jackson explaining that some of Miller's issues at SHSU could have been caused by other tenured faculty members with difficult personalities.

UH notified Miller on April 29, 2014, that she did not get the job. Miller filed a complaint with the EEOC and the TWC against UH on October 23, 2014. She filed this lawsuit against UH on October 6, 2015.

3. *Summary Judgment*

A. *Legal standard*

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see* Fed. R. Civ. P. 56(a). A dispute about a material fact is "genuine" if the evidence would

allow a reasonable jury to find in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the movant meets its burden and points out an absence of evidence on an essential element of the non-movant's case, on which the non-movant bears the burden of proof at trial, the non-movant must then present competent summary judgment evidence to support the essential elements of her claim and demonstrate that there is a genuine issue of material fact for trial. *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d 698, 712 (5th Cir. 1994). The non-movant may not rely merely on allegations, denials in a pleading, or unsubstantiated assertions that a fact issue exists, but she must offer specific facts showing the existence of a genuine issue of material fact concerning every element of her causes of action. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *see Brandon v. Sage Corp.*, 808 F.3d 266, 270 (5th Cir. 2015) (requiring more than "metaphysical doubts as to the material facts").

Conclusory allegations unsupported by evidence cannot overcome summary judgment. *National Ass'n of Gov't Employees*, 40 F.3d at 713; *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Liberty Lobby*, 477 U.S. at 247–48 (emphasis original); *see State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "Nor is the 'mere scintilla of evidence' sufficient; 'there must be evidence on which the jury could reasonably find for the plaintiff.'" *Liberty Lobby*, 477 U.S. at 252. The Fifth Circuit requires the non-movant to submit "significant probative evidence." *Gutterman*, 896 F.2d at 118. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th Cir. 1999) (citing *Liberty Lobby*, 477 U.S. at 249–50).

B. *Miller's objections to UH's summary judgment evidence*

Miller moved to strike UH's summary judgment evidence: affidavits of Dean Fulton (54-5), Chair Jackson (54-6), and Committee Chair Johnson (54-7). (58, 66, 69, 70) Miller objects to the affiants' statements – that (a) they did not know about Miller's EEOC complaint against SHSU; (b) they were concerned about Miller's qualifications; and (c) the other candidates who were extended offers were better qualified than Miller – as conclusory and unsubstantiated. Miller also raises miscellaneous hearsay objections.

The court overrules Miller's objections. Each affiant made the challenged statements based on their personal knowledge under penalty of perjury. Thus, UH's affidavits are proper summary judgment evidence. *See* Fed. R. Civ. P. 56(c)(4); *see also Lohn v. Morgan Stanley DW, Inc.*, 652 F. Supp. 2d 812, 825 (S.D. Tex. 2009) (overruling objection to information within the affiant's personal knowledge). Furthermore, UH's knowledge of Miller's EEOC complaint and UH's reasons for denying her job application are central to this case. Thus, the affidavits are not only admissible but also important summary judgment evidence.

4. *Analysis*

Title VII prohibits retaliation against persons who have asserted rights under the statute. 42 U.S.C. § 2000e-3(a); *see Rios v. Rossotti*, 252 F.3d 375, 380 (5th Cir. 2001). Miller relies on circumstantial evidence to argue that UH retaliated against her by denying her employment.

Under the framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the plaintiff relying on circumstantial evidence to claim a violation of Title VII must first make out a *prima facie* case of discrimination. To state a *prima facie* claim for retaliation, the plaintiff must show that she "participated in an activity protected by Title VII"; her "employer took an adverse employment action against [her]"; and "a causal connection exists between the protected activity and the adverse employment action." *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007).

It is undisputed that UH's decision not to hire Miller for the position for which she applied is an adverse employment action. *See Thomas v. Tregre*, 913 F.3d 458, 463 (5th Cir. 2019), *as revised* (Jan. 25, 2019) ("Failure to hire is an adverse employment action."). The question is what constituted protected activity and can Miller establish a causal nexus between the protected activity and the adverse employment action.

A. *Retaliation for opposing discriminatory practices at SHSU*

"An employee has engaged in protected activity when she has (a) opposed any practice made an unlawful employment practice by Title VII or (b) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII." *Douglas v. DynMcDermott Petroleum Operations Co.*, 144 F.3d 364, 372 (5th Cir. 1998) (internal citations and quotation marks omitted). The opposition prong ordinarily requires a showing that the employee "communicate[d] to her employer a belief that the employer has engaged in a form of employment discrimination." *See Crawford v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, 555 U.S. 271, 276 (2009) (internal quotation marks omitted).

Miller claims she alerted Committee Chair Johnson that she was denied tenure at SHSU for "rais[ing] concerns about the mistreatment of women in the department at SHSU prior to applying for tenure." (59 at 33; 59-1 at 8) Miller's statement to Committee Chair Johnson was not a protected activity. A job applicant's announcement to the prospective employer during the hiring process that she believed her former employer terminated her because she belonged to a protected class is not protected activity for purposes of Title VII retaliation. *See Wittmer v. Phillips 66 Company*, 304 F. Supp. 3d 627, 637 n.3 (S.D. Tex. 2018), *aff'd on other grounds*, 915 F.3d 328 (5th Cir. 2019).

Finding Miller's statement to be a protected activity at UH would also be incongruous with the statutory purpose behind Title VII. The anti-retaliation provision of Title VII aims to prevent an employer from "interfering (through retaliation) with an employee's efforts to secure or

5

advance enforcement of the Act's basic guarantees." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 63, 126 S. Ct. 2405, 2412, 165 L. Ed. 2d 345 (2006). A reasonable factfinder cannot conclude that Miller was opposing any practices at UH during the interview nor that UH was in the position to interfere with her opposition to the allegedly discriminatory practices at SHSU.

Even if Miller's statements during her job interviews were protected activity, Miller cannot show a causal nexus between her statement and UH's decision not to extend her a job offer. Miller stipulates to the fact that, *after* the interview in which she made the statement at issue, Committee Chair Johnson still selected Miller as a finalist. (27 at 2) In other words, Miller's statement did not deter Committee Chair Johnson from moving Miller to the next stage of the selection process. Thus, Miller has not shown that her statement caused UH to deny her the job.

Miller raises no other evidence of a causal connection that links her allegation to UH's denial of a job offer. Other courts have similarly declined to find a prima facie case of retaliation in favor of a failed job applicant on the applicant's mere allegation that she had announced her history of participation in protected activity during the job interview. *See, e.g., Kelley v. Goodyear Tire & Rubber Co.*, 220 F.3d 1174, 1179 (10th Cir. 2000) (holding that a close temporal proximity alone does not create an inference of causation in a failure-to-hire retaliation case).

Thus, summary judgment is proper.

B. *Retaliation for filing an EEOC complaint against SHSU*

It is undisputed that Miller's EEOC and TWC complaint against SHSU is a protected activity. The question is whether she can show a causal link between that protected activity and the denial of a job offer at UH. To meet the causation element required to make out a *prima facie* claim of retaliation, the employee must show that "the employer knew about the employee's protected activity." *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 883 (5th Cir. 2003). The question is whether Miller can

demonstrate that UH had knowledge of her EEOC complaint and charge against SHSU. She cannot.

Miller raises no competent summary judgment evidence that creates a genuine issue of material fact as to UH's knowledge of Miller's EEOC complaint against SHSU. The fact that Chair Jackson spoke with Wilson before deciding not to hire Miller by itself does not say anything about whether Wilson told Chair Jackson about Miller's EEOC complaint.

UH's summary judgment evidence also supports the court's conclusion. Dean Fulton's affidavit states that she was unaware of Miller's EEOC complaint against SHSU during Miller's application process. (54-5 at 7-8) The same is true of Chair Jackson and Committee Chair Johnson. (54-6 at 6; 54-7 at 5-6)

Because Miller cannot show that her protected activity at SHSU had a causal relationship with UH's denial of her application, she cannot establish a *prima facie* case of retaliation under Title VII. Therefore, summary judgment is proper.

5. *Conclusion*

The summary judgment record does not raise any facts material to Audrey Miller's Title VII retaliation claim. University of Houston – Downtown's motion for summary judgment (54) is granted.

Audrey Miller will take nothing from UH.

Signed on September 30, 2019, at Houston, Texas.

Lynn N. Hughes
United States District Judge