United States District Court
Southern District of Texas

**ENTERED**

April 05, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| AUDREY K. MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-2927 |
| | § | |
| UNIVERSITY OF HOUSTON – | § | |
| DOWNTOWN, *et al.* | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Plaintiff Audrey Miller's ("Plaintiff" or "Miller") Amended Rule 59(e) Motion to Alter or Amend Order and Judgment.[1] (Doc. No. 224). Defendants University of Houston – Downtown and University of Houston System (collectively, "Defendants" or "UHD") responded. (Doc. No. 227). Also pending before the Court is Plaintiff's Motion to Correct Clerical Mistakes. (Doc. No. 222). Defendants responded. (Doc. No. 226).

In her Motion to Correct Clerical Mistakes, Plaintiff requests that the Court "correct" the summary judgment record by adding "complete deposition transcripts that parties indicated their intent to submit." (Doc. No. 222 at 1). Plaintiff apparently seeks to retroactively supplement the summary judgment record after final judgment has been entered. Upon consideration, the Court **DENIES** Plaintiff's motion. (Doc. No. 222).

In her Amended Rule 59(e) Motion to Alter or Amend Order and Judgment, Plaintiff asks this court to reconsider its Order granting summary judgment in favor of Defendants.

---

[1] Miller originally filed a Rule 59(e) Motion to Alter or Amend Order and Judgment (Doc. No. 223) before amending it (Doc. No. 224). As a result, Plaintiff's first Rule 59(e) Motion (Doc. No. 223) is denied as moot.

In its Order, the Court found that Plaintiff suffered an adverse employment action when UHD failed to hire her for the open faculty position. (Doc. No. 218 at 7). Conversely, the Court found that UHD's decision to seek a professional reference from Plaintiff's Department Chair at Sam Houston State University ("SHSU"), Dr. Wilson, did not constitute a distinct adverse employment action. (*Id.* at 8).

Plaintiff argues that the Court erred in its finding that a prospective employer making a reference call—a standard business practice—did not constitute an adverse employment action. Plaintiff contends that the Court "mischaracterized" the reference check as "permitted" by Plaintiff, when "Plaintiff felt no choice but to allow Defendants to contact an individual she had specifically informed Defendants was implicated in gender discrimination and retaliation against her at SHSU for a 'reference.'" (Doc. No. 224 at 10). Plaintiff admitted that UHD asked her permission before reaching out to Dr. Wilson, and Plaintiff indicated in her initial application that UHD was permitted to contact all of Plaintiff's former employers. (Doc. No. 218 at 8). Even if she felt "no choice" but to provide permission for UHD to contact Dr. Wilson as a reference, the Court is unpersuaded that calling a former employer for a reference—standing alone—constituted an adverse employment action under the law. Moreover, Plaintiff has cited no authority directly supporting this proposition. As a result, the Court declines to reconsider its finding that UHD's reference call to Dr. Wilson does not qualify as an adverse employment action for the purposes of a prima facie case of retaliation pursuant to Title VII.

Next, Plaintiff argues that the Court erred when it found that Plaintiff had not met her burden under the *McDonnell Douglas* framework to bring forth evidence establishing a genuine issue of material fact that Defendant's proffered legitimate reason for the failure to hire was pretextual. See *McDonnell Douglas*, 411 U.S. at 804-5. Plaintiff mostly reasserts arguments she

made at the summary judgment stage, noting that her scores on the pre-interview Applicant Screening Matrix were higher than the other three individuals hired by UHD.[2] As the Court noted in its Order, it is undisputed that Plaintiff had a strong academic record that warranted an interview. Once the various prospects reached the interview stage, however, deposition testimony established that the numbers on the Matrix "don't mean much." (Doc. No. 218 at 18). Further, Plaintiff argues that the Court "discounted" Plaintiff's argument that Defendants knew about the tenure denial issue from the beginning of the process but used it as a central criterion not to hire her. The evidence shows that Plaintiff's tenure denial was disregarded initially because it was not a part of the standard Applicant Screening Matrix. (Doc. No. 218 at 11). It was raised once she reached the interview stage. (*Id.*). The fact that the tenure denial was not included in the initial, pre-interview Matrix does not raise a legitimate fact issue as to pretext when the ultimate decision was made after a later stage in the process. Crucially, as the Court held in its Order, Plaintiff has not presented evidence such that a finder of fact may determine that Defendants' reason for not hiring Plaintiff was rooted in discrimination. (Doc. No. 218 at 20). As a result, Plaintiff failed to meet her burden to bring forth an issue of fact as to pretext.

After careful consideration, and for the foregoing reasons, the Court hereby **DENIES** Plaintiff's Amended Rule 59(e) Motion to Alter or Amend Order and Judgment. (Doc. No. 224). The Court also **DENIES** Plaintiff's Motion to Correct Clerical Mistakes. (Doc. No. 222).

SIGNED this 5th day of April, 2024.

_____
Andrew S. Hanen
United States District Judge

---

[2] Plaintiff also cites a deposition that was not in the original summary judgment record (the deposition of Doug teDuits). (Doc. No. 224 at 13). The Court has denied Plaintiff's Motion to Correct seeking to add this deposition to the record and accordingly will not consider it for the purposes of this Motion to Alter or Amend.